J-S77043-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| v. | : | |
| | : | |
| MICHAEL TURNER, | : | |
| | : | |
| Appellant | : | No. 2307 EDA 2018 |

Appeal from the PCRA Order Entered July 10, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1024891-1989

BEFORE: OTT, J., DUBOW, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED JANUARY 25, 2019**

Michael Turner (Appellant) appeals *pro se* from the July 10, 2018 order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

When he was 21 years old, Appellant and a co-conspirator shot and killed Michael Bush. In 1991, following a jury trial, Appellant was convicted of first-degree murder, criminal conspiracy, and possession of an instrument of a crime and was immediately sentenced to a term of life imprisonment without parole. This Court affirmed his judgment of sentence in 1993. ***Commonwealth v. Turner***, 631 A.2d 218 (Pa. Super. 1993) (unpublished memorandum). No petition for allowance of appeal was filed.

In the years following this Court's affirmation of his judgment of sentence, Appellant filed several PCRA petitions, but none merited relief. On March 24, 2016, Appellant *pro se* filed the PCRA petition that is the subject

*Retired Senior Judge assigned to the Superior Court.

of this appeal. On April 17, 2018, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a response, and on July 10, 2018, the PCRA court simultaneously issued a memorandum opinion and entered an order denying Appellant's petition as untimely filed. Appellant *pro se* timely filed a notice of appeal. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In lieu of a 1925(a) opinion, the PCRA court reentered its July 10, 2018 memorandum opinion.

Our first task is to determine whether Appellant's PCRA petition was timely filed, as the timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Robinson***, 12 A.3d 477, 479 (Pa. Super. 2011). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545. "[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015).

It is clear that Appellant's petition is facially untimely: his judgment of sentence became final in 1993. However, Appellant filed his petition within 60 days of the United States Supreme Court's decision in *Montgomery v. Louisiana*, __ U.S. __, 136 S.Ct. 718 (2016), and avers he meets the following timeliness exception: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii); *see* Appellant's Brief at 5, 7.

In 2012, the Supreme Court of the United States held "that mandatory life without parole **for those under the age of 18 at the time of their crimes** violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller v. Alabama*, 567 U.S. 460, 465 (2012) (emphasis added). In *Montgomery*, the Court determined that *Miller* announced a new substantive rule of law that applies retroactively. *Montgomery*, 136 S.Ct. at 736.

Appellant was not under the age of 18 when he murdered Bush, a fact which he acknowledges. *See* Appellant's Brief at 6 ("Appellant was 21 years old at the time of the crime."). This Court has held that because *Miller* does not apply to a petitioner who was 18 years or older at the time he committed murder, such petitioner cannot rely on *Miller* to avail himself of the time-bar exception in subsection 9545(b)(1)(iii). *See Commonwealth*

- 3 -

*v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (citing *Commonwealth v. Cintora*, 69 A.3d 759 (Pa. Super. 2013)); *see also Commonwealth v. Montgomery*, 181 A.3d 359, 366 (Pa. Super. 2018) (*en banc*) (reaffirming the holding in *Furgess* that *Montgomery v. Louisiana* did not extend *Miller*'s holding to individuals who committed homicides after they reached the age of 18). Because Appellant is not within the ambit of *Miller*, he did not meet his burden of establishing an exception to the PCRA's time bar.

Furthermore, Appellant's attempt to invoke *Miller* to support his argument that his sentence violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution also fails. *See* Appellant's Brief at 12-14. *Miller* only announced a new rule with respect to the Eighth Amendment, not the Equal Protection Clause. *Montgomery*, 181 A.3d at 366 ("Neither the Supreme Court of the United States nor our Supreme Court has held that *Miller* announced a new rule under the Equal Protection Clause. Instead, *Miller* only announced a new rule with respect to the Eighth Amendment. Thus, contrary to [Montgomery's] assertion, his Equal Protection Clause argument is also an attempt to extend *Miller*'s holding.").

Similarly unavailing is Appellant's averment that the holdings in *Apprendi v. New Jersey*, 528 U.S. 1018 (2000) and *Alleyne v. United States*, 570 U.S. 99 (2013), entitle him to relief. *See* Appellant's Brief at 13 (citing the aforementioned cases to support his argument that a

defendant's "age and age-related characteristics" should be considered "elements of a crime and penalty" that a fact-finder should be allowed to consider). Without addressing the merits of Appellant's argument, we note that our Supreme Court has held that **Alleyne** "does not apply retroactively to cases pending on collateral review," **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016), and there has yet to be a decision by the United States Supreme Court stating that **Alleyne** applies retroactively to untimely filed PCRA petitions. Thus, **Apprendi** and its progeny do not apply to Appellant. Accordingly, the PCRA court did not error by dismissing Appellant's petition.[1]

Order affirmed.

---

[1] Lastly, we note that in his response to the PCRA court's 907 notice, Appellant sought to stay the disposition of his petition pending this Court's decision in **Commonwealth v. Lee**, No. 1891 WDA 2016, a case regarding the application of the reasoning in **Miller** to young adults, which was certified by this Court for *en banc* review. We assume the PCRA court's subsequent dismissal of Appellant's petition served as a denial of this request, as there is no independent order on the record addressing the stay sought by Appellant.

We too decline to hold this case in abeyance pending the outcome of **Lee**. Even if this Court *en banc* were to extend **Miller**'s reasoning to young adults, Appellant still would be unable to meet the requirements of the newly-recognized and retroactively-applicable constitutional right time-bar exception. **See** 18 Pa.C.S. § 9545(b)(1)(iii) (requiring the **Supreme Court of the United States** or the **Supreme Court of Pennsylvania** to recognize the new constitutional right and hold that the right applies retroactively). If either Supreme Court ever extends **Miller** to young adults and deems the new rule to apply retroactively, Appellant may file another PCRA petition requesting relief at that time consistent with subsections 9545(b)(1)(iii) and (b)(2).

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*

*Prothonotary*

*Date: 1/25/2019*